### HENRY D. SPRAGUE V. RICHARD LAW ET AL.

WIFE'S RIGHT OF DOWER IN LANDS MORTGAGED PRIOR TO HER MARRIAGE CAN ONLY BE DEFEATED BY THOSE CLAIMING THROUGH MORTGAGE.

Only those claiming through the mortgage instrument can defeat the wife's contingent right of dower in lands of the husband, which were mortgaged before her marriage. Therefore, as against a mere judgment creditor, she has a right of dower in the whole premises.

SMYSER, J. (orally.)

The case of Henry D. Sprague v. Richard Law, et al., is submitted to the court upon a finding of facts made by the court below. The contention is between the executor of Van Voorhis and Nora Law. The original action was begun by Sprague in 1896, and it was founded upon a promissory note for a thousand dollars, executed by Richard Law in 1892; secured by a mortgage upon certain real estate described in the petition. Deeds was made a party defendant. He answered setting up a note of a thousand dollars, and a mortgage securing the same on the same premises described in the petition, the note and mortgage bearing date in 1886. Richard Law and Deeds were the only parties defendant originally. Van Voorhis, as executor of Van Voorhis, deceased, intervened upon his own motion and filed an answer and cross-petition, alleging that in 1896, by the consideration of the court of common pleas of this county, he recovered a judgment against Richard Law for $1,303. Nora Law intervened and upon her own motion was made a party defendant. She alleged that she was the wife of Richard Law; that she was married in 1893, and, as wife, had a contingent right of dower in the premises subject to the mortgage, and asked that her rights in the premises, as wife, be protected. A decree in foreclosure was taken, and a sale of the premises had; and, after the payment of costs, taxes and the mortgage claims of Sprague and Deeds, there remained for distribution $148.63. Van Voorhis claimed this fund by virtue of his judgment. Mrs. Law claimed this fund by reason of her contingent right of dower in the premises. That states sufficiently the facts that are submitted. They are found substantially as I have stated them by the court below. I may add that it was conceded or found by the court that when these mortgages were executed, Law was unmarried. He married Nora Law

in 1893. After the execution of these mortgages, but before the recovery of the Van Voorhis judgment, counsel for Van Voorhis contended that in no event is this woman, as the wife of Richard Law, entitled to anything in these premises; that she had no interest; that the sale of the premises under foreclosure worked a conversion of the realty into personalty, and there can be no such thing as contingent dower in personalty. They contend also that the mortgages having been executed before this defendant became the wife of Law, she could, as against these mortgages, have no right of dower; and, because she could have no right of dower as against those mortgages, she could have no right of dower as against this judgment; that there was no estate of the husband. It is urged here that there can be no such thing as dower; that the man is alive, etc.

Counsel cite us to 27 O. S., 464, and Fox v. Pratt, 27 O. S., 512, two cases, which they contend are decisive of their claim to this fund. Counsel for Mrs. Law cite Mandel v. McClave, 46 O. S., 407, as equally decisive of their contention.

In Ohio, we think, even though a mortgage be outstanding, the estate is the estate of the husband. In a case in Kerr v. Lydecker, 51 O. S., 240, 248, I desire to call attention to a paragraph: "The mortgage being, in equity, regarded as a mere security for the debt, the legal title to the mortgage premises remains in the mortgagor, as against all the world, except the mortgagee, and also as against him until condition broken." On page 250: "After condition broken, the title is vested in the mortgagee, as between him and the mortgagor, and as the right of the mortgagee to recover the possession of the land by ejectment, always existed at common law, and has not been taken away by statute, it still exists in this state." In sec. 6351, Rev. Stat., we think there is a clear statutory recognition of the right of a wife to contingent dower. This is the section under Insolvent Debtors' act. "Payment of liens, etc.; questions of title, dower, etc.; the probate court shall order the payment of all incumbrances and liens upon any of the property sold, or rights and credits collected, out of the proceeds thereof, according to priority; provided that the assignee may, in all cases, where the real estate to be sold, or which may have been contracted to be sold by the assignor prior to the assignment, is incumbered with liens, or where any questions in regard to the title, or the dower estate of the wife or widow of the assignor require a decree to settle the same, commence a civil action in the common pleas court or probate court of the proper county, making all persons in interest, including the wife or widow of the assignor, parties to such proceedings; and upon hearing, the court shall order a sale of the premises, or the completion of the contracts of sale so made by the assignor, the payment of incumbrances and the contingent dower interest of the wife or widow." The court is to hear and determine in such cases the right of the wife, and adjust her contingent right of dower.

The case of Culver v. Harper, *supra*, is relied upon by counsel. The syllabus is: "The widow of a purchase-money mortgage, mortgage given before marriage, and property sold by executors to pay the mortgage debt, is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage." On page 512: "A widow is dowable of the surplus remaining after the payment of a purchase-money mortgage."

By Judge Follett: This is not that kind of a mortgage.

The Court (continuing): I understand not; at least, there is no finding that it is a purchase-money mortgage.

These cases furnish the rule, and the question is whether in this particular case Mrs. Law is brought within these two cases to which I have just called attention. The court say that it would be inequitable and unjust to take the property of a man and turn it over to the wife of the mortgagor; and for that reason they say that, as against a purchase-money mortgage, she shall not have dower.

I read from page 468, in the case of Culver v. Harper, supra: "This doctrine of instantaneous seizin is somewhat technical. It was invented for righteous ends, and is therefore. useful. It would be the height of wrong that wife should have dower as against the purchase-money mortgage." On page 515 of Fox v. Pratt, *supra*, the court say: "It has already been held that in case of a purchase-money mortgage, the widow is entitled to dower, not in the whole property, but only in the surplus after paying the mortgage debt. * * * This is the rule as regards the rights pertaining to the purchase-money mortgage, and those claiming under that instrument. Where other interests exist, other considerations may perhaps arise."

The case at bar is somewhat like the cases of Culver v. Harper and Fox v. Pratt, *supra*, because this woman did not sign these mortgages. She was not the wife of Law when the mortgages were executed; but, does it follow that she is precluded from dower in the whole proceeds by reason of the fact of her non-marriage at the time of the execution? There is a growing liberality in Ohio to protect the rights of a wife, and to extend rather than to curtail them. A very instructive case is found in Yeoman v. Lasley, 40 O. S., 196, but we will not take the time further than to cite it to the attention of counsel.

In Mandel v. McClave, 46 O. S., 407, first paragraph of the syllabus reads as follows: "The contingent right of a wife, during her dusband's life, to be endowed of his real estate at his death, is property having a substantial value that may be ascertained with reasonable certainty from established tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively." Justice Bradbury says on page 410: "If the contingent right ot a wife to dower in her husband's real estate is recognized by the laws of the state as property, and if her release of it by joining with her husband in a mortgage to secure his debt, is not a technical bar, but, instead, only inures to the benefit of the mortgagee and his privies, we perceive no principle of law or public policy that should prevent a court of equity from applying in favor of the wife, the equitable rule that the property of the debtor shall be first applied to the satisfaction of his debt before resorting to that of the surety. And the creditors of the husband have no standing in a court of equity, to prevent the application of this equitable rule; they have no claim that property, which as between husband and wife belongs to the wife, shall be taken, without her consent, and applied to pay their debts against the husband."

. The court substantiates the proposition that it is valuable property. Then it reasons upon the effect of her signing in this instance. She did sign the mortgage, but the court held that she signed the mortgage simply as security for the husband, and the interest that she had in his estate was her interest, and that his property should go, first, to the payment of his debts; and, there being sufficient to endow her out of the residue, she was entitled to be endowed out of the entire estate.

Myers et al. v. Lucas.

By Chas. H. Follett:   She had the legal title.

The Court (continuing):   She had the legal title, that is true.   I cannot stop to read all this, but this is the principle running through it, that only those claiming through, or having a right to claim through the mortgage instrument, can defeat the wife's right of dower; and in this case we hold that Van Voorhis, being a mere judgment creditor, had no right as between the husband and the wife, her right to dower was in the whole premises, and Van Voorhis, as a judgment creditor, cannot set up the foreclosure proceedings to defeat her right of dower; as against his judgment, she had dower in the whole premises; and, without pursuing it further, we think the case of Mandel v. McClave, *supra*, is decisive of this question.   As found by the court below, as between Van Voorhis and Mrs. Law, she was entitled to be endowed out of the whole proceeds; and, that being true, it follows as a matter of course that she would be entitled to the residue of this fund that is now on hand, and a decree will be entered accordingly.

*Jonathan Rees,* for plaintiff.

*Follett & Follett,* for defendant.

---

## BENEFICIAL ORDERS—EVIDENCE.